UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.           -CIV-

ROSDELEN MARQUES,

    Plaintiff,

v.

CLUB MADONNA, INC.

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, **ROSDELEN MARQUES** ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues Defendant, CLUB MADONNA ("Defendant"), and in support avers as follows:

### JURISDICTION, PARTIES AND VENUE

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding the jurisdictional limits of this Court excluding attorney's fees or cost for damages pursuant to 28 U.S.C. Sections 1331 and 1343, in as much as the matter is in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., to redress injury done to the Plaintiff by the Defendant for discriminatory treatment on the basis of gender, sexual harassment, retaliatory discharge found on Plaintiff's complaints of discrimination in the workplace.

2. Plaintiff is a resident of Miami-Dade County, Florida, and Defendant is situated in Miami-Dade County, Florida within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Corporation doing business in Miami-Dade County, Florida

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. Plaintiff is a female former employee of the Defendant and is a member of a class of persons protected from discrimination in her employment.

9. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. On or about July 2009, Plaintiff began her employment with the Defendant.

12. During her time of employment with the Defendant, the Plaintiff was verbally sexually harassed by her superior, Leroy Griffith.

13. During her time with the Defendant, Leroy Griffith made numerous unwanted verbal remarks upon Plaintiff

14. Plaintiff objected to these sexual remarks.

15. After Plaintiff voiced her complaints of sexual harassment in the workplace, the Plaintiff was terminated shortly thereafter in retaliation of her complaints.

16. Plaintiff has suffered damages from the conduct of Leroy Griffith, the Defendant and their agents.

## COUNT I
## SEXUAL HARASSMENT

17. Plaintiff reasserts her allegations in paragraph 1-16 as fully set forth herein.

18. Section 200e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

    "(1)   It shall be an unlawful employment practice for an employer:

    (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

19. As part of its prohibitions, Title VII prohibits sexual harassment.

20. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance violation of Title VII.

21. The sexually harassing conduct to which Plaintiff was subjected was perpetrated against as a result of her sex (female), and constituted actionable sexual harassment.

22. Defendant's alleged basis for its adverse conduct against Plaintiff and Plaintiff's termination are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of its conduct.

23. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

24. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

25. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

26. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and cost as a result of Defendant's conduct in violation of Title VII.

### COUNT II
### SEX/GENDER DISCRIMINATION

27. Plaintiff reasserts her allegations in paragraph 1-16 as fully set forth herein.

28. Section 200e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

"(1)   It shall be an unlawful employment practice for an employer:

> (b) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

29. Title VII accordingly prohibits discrimination based on sex.

30. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which male individuals were not and would not have been subjected, in violation of Title VII.

31. Defendant's alleged basis for its adverse conduct against the Plaintiff and Plaintiff's termination are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

32. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

33. As a result of the sexually harassing conduct to which the Plaintiff was subject and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

34. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

35. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## COUNT III
## RETALIATION

36. Plaintiff reasserts her allegations in paragraph 1- 16 as fully set forth herein.

37. Section 200e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

> "(1)   It shall be an unlawful employment practice for an employer:
>
> (c) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

38. Title VII accordingly prohibits retaliation against an employee for reporting conduct which would violate the terms of Title VII.

39. Plaintiff's reactions to Leroy Griffith's remarks and complaints about Leroy Griffith were protected activities under Title VII, for which she could not be adversely affected.

40. Shortly after complaining about Leroy's Griffith's actions and remarks, Plaintiff was retaliated against by being terminated from her employment, in violation of Title VII.

41. Defendant's alleged basis for its adverse conduct against the Plaintiff and Plaintiff's termination are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

42. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Defendant's sexually

harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

43. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering, and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

44. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages, and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

December 26, 2018

                                  Respectfully submitted

                                  GALLARDO LAW OFFICE, P.A.
                                  8492 SW 8th Street
                                  Miami, Florida 33144
                                  Telephone: (305) 261-7000
                                  Facsimile: (305) 261-0088

By: /s:/Elvis J. Adan
Elvis J. Adan, Esq.
Fla. Bar No.: 24223